UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                               :

VERONICA CAJAMARCA,            :    **<u>MEMORANDUM</u>**
                               :    **<u>DECISION AND ORDER</u>**
              Plaintiff,      :

                               :    11 Civ. 2780 (BMC)
        - against -           :

                               :
REGAL ENTERTAINMENT GROUP and   :
OTIS GADSDEN individually,       :

                               :
             Defendant.     :
-------------------------------------------------------- X

**COGAN**, District Judge.

I previously granted defendants' motion for summary judgment in this Title VII case based primarily on the undisputed facts of defendants' vigorous remedial response when its employee, a box office cashier in one of defendant Regal's theatres, complained that a co-employee, defendant Otis Gadsden, had exposed himself and masturbated in front of her (the "break room incident").[1] <u>See Cajamarca v. Regal Entm't Grp.</u>, ___ F. Supp. 2d ___, 2012 WL 1957891 (E.D.N.Y. May 31, 2012). The case is now back before me on defendants' motion for sanctions and attorneys' fees under 42 U.S.C. § 2000e-5(k), 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11. Defendants seek reimbursement of fees amounting to $552,627.50 and costs amounting to $113,177.36, $3,683.15 of which fall under 28 U.S.C. § 1920.

In moving for summary judgment, defendants, as they were required to do, conceded the facts as alleged by plaintiff for the purposes of the motion. That is, defendants did not contest plaintiff's description of the incident, when it happened, or how it affected plaintiff emotionally.

---

[1] Gadsden maintains that all that happened in the break room was that he gave plaintiff a friendly kiss.

Although not material for summary judgment purposes, the sexual harassment was a particularly serious claim for substantial damages because the portrait of plaintiff that I was given suggested that she was essentially an ingénue who was diagnosed by a psychiatrist as having post-traumatic stress disorder as a result of the incident perpetrated by her sexually abusive co-worker.

However, in the current motion for sanctions, in which defendants are now freed from the factual-assumption requirement of summary judgment, I am being provided with an entirely different picture of plaintiff – and plaintiff is not disputing any of it. Defendants' motion for attorneys' fees is predicated essentially on the following undisputed facts, most of which were previously undisclosed to me:

- Plaintiff's attorney never advised her to preserve the data on her laptop, and she deleted it. There is little doubt that it contained pornography and communications that would have undermined her claim regarding the extent of the trauma she suffered as a result of the break room incident, especially since she had prior convictions for prostitution, had worked as a call girl, and had a rather fulsome sexual history, including an interest in sado-masochism.

- Plaintiff lied at her deposition, and to her own expert psychiatrist, in describing the emotional effects of the break room incident and omitting her own sexual history. In fact, she enjoyed an extraordinarily active travel and social life during the time she described herself as being "bedridden" and in a "vegetative state" as a result of the incident, including engaging in sexual banter with friends on Facebook.

- Although plaintiff testified that the break room incident occurred after several months of socializing between plaintiff and Gadsden, documentary evidence now demonstrates that the break room incident, whatever it entailed, happened *before* plaintiff had an active social relationship with Gadsden, a social relationship that included lending him money. Thus, despite her claim of trauma, she maintained a very friendly relationship with Gadsden following the incident. This provides strong support for Gadsden's claim that she turned on him when he advised her that he was reconciling with his wife, and her subsequent claim of sexual harassment was feigned.

2

Defendants do not contend that plaintiff's counsel necessarily knew these facts when he filed the action, but they argue that the facts emerged in discovery early on, and once they did, plaintiff's counsel had an obligation to withdraw the claim.

As noted above, in opposing defendants' motion for attorneys' fees, plaintiff's counsel does not dispute any of these facts. He instead raises some technical defenses: (1) the motion for attorneys' fees was two days late under the schedule set by the Court; (2) under Rule 11(c)(2), the motion for sanctions under Rule 11 had to be separately filed from the motion for attorneys' fees under 28 U.S.C. § 1927 and 42 U.S.C. § 2000e-5(k); and (3) he was not given the 21-day safe harbor that Rule 11 requires. In addition, he contends that the case did not meet the "frivolousness" standard under any of the applicable provisions.

I sympathize with defendants' position. Regal had to expend a great deal of money not only on the capable lawyers that successfully defended plaintiff's suit, but also on the highly efficient but time consuming administrative human resources machinery used to investigate plaintiff's claim internally – all in a case that, as a practical matter, had very little chance in front of a jury, given plaintiff's duplicity. In contrast to the efforts of defendants' lawyers, plaintiff's lawyer should be roundly embarrassed. At the very least, he did an extraordinarily poor job of client intake in not learning highly material information about his client, and setting up an expert psychiatric interview where the psychiatrist, charged with diagnosing a claim of PTSD solely as a result of an alleged five minute instance of exhibitionism, had no idea that plaintiff was a former prostitute.

Nevertheless, I am constrained to conclude that sanctions are not available for the entire case. There remains a factual dispute as to what happened in the break room. In all likelihood, plaintiff would lose that issue at trial because of the obvious problems with her credibility, but to

3

brand the case as frivolous because of, in substantial part, plaintiff's sexual history and the effect it would have on her damages claim would suggest that certain categories of persons protected by Title VII cannot invoke it because of their prior conduct. That is not, and cannot be, the law.

There are, however, two small exceptions to this conclusion. First, in support of the contention that plaintiff's case was not frivolous, plaintiff's counsel compounds his transgressions noted above. The only basis offered for this argument is his assertion that on summary judgment, this Court found that "there is no dispute that plaintiff was sexually harassed" by Gadsden.[2] That is not what I found. The full statement was: "For the purposes of this motion, there is no dispute that plaintiff was sexually harassed" by Gadsden. See Cajamarca, 2012 WL 1957891 at *1 (emphasis added). Plaintiff's counsel is apparently unfamiliar with the requirement that on summary judgment, but only on summary judgment, the facts are assumed, not found, in the light most favorable to plaintiff. See, e.g., Reino de Espana v. Am. Bureau of Shipping, Inc., __ F.3d __, 2012 WL 3711734, at *5 (2d Cir. Aug. 29, 2012). He therefore had no foundation whatsoever for asserting, in opposition to this sanctions motion, that the Court could not award sanctions because it had found that plaintiff was indeed sexually harassed by Gadsden. This was without a doubt a "legal contention" that is not "warranted by existing law," as required by Rule 11. Defendants were put to the burden of responding to this argument in their reply brief. It was a small burden, given the obviousness of the gap in

---

[2] The precise quote from plaintiff's brief is:

> **Contrary to Defendants' assertions**, it is patently clear that Plaintiff CAJAMARCA'S claims were not frivolous, unreasonable, or groundless, as this Court even stated in its decision granting summary judgment that "there is no dispute that plaintiff was sexually harassed by the individual defendant . . . [and] that the conduct that plaintiff ascribes to Gadsden created a hostile work environment."

(Emphasis in original).

counsel's knowledge of federal civil procedure. Nevertheless, it was the only factual argument that plaintiff's counsel offered as to why the claim was not frivolous.

Second, it is undisputed that plaintiff's counsel never advised her to preserve the data on the hard drive on her laptop. It is patently clear that she deleted information that would have been relevant to her claim of PTSD. Plaintiff's counsel offers no excuse for not having done what every attorney is required to do in a federal case; he merely states that since defendants failed to move for sanctions under Rule 37, they have waived the right to seek them here. He cites no authority for that, and there is none. Defendants were clearly prejudiced by the obstruction of discovery because if they had had the data when they took plaintiff's deposition, the tenuousness of her damages claim would likely have become even more apparent and might well have resulted in the withdrawal or nominal settlement of the claim.

Under these circumstances, the Court grants defendants' motion to the extent of imposing a $3,000 sanction on plaintiff's counsel, payable to defendant's counsel within 7 days hereof, with proof of payment filed in this action. Plaintiff's counsel's failure to comply with this order will result in judgment being entered against him. In addition, defendants' bill of costs is unopposed, and the Court finds the costs claimed to be reasonable. The Clerk is directed to enter judgment for costs against plaintiff in the amount of $3,683.15.

**SO ORDERED.**

s/ BMC

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 31, 2012

5